*NOT FOR PUBLICATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STUART SUSSMAN | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CAPITAL ONE, N.A., CAPITAL ONE | : |
| BANK, CAPITAL ONE SERVS., INC., | : |
| CAPITAL ONE FINANCIAL CORP., | : |
| ABC ENTITIES/CORPS., | : |
| JOHN & JANE DOES (1-100), | : |
| EDWARD MONTESDEOCA, | : |
| KIRSTEN MICCO, ZELIA COREY, *and* | : |
| BRIAN YOUNG | : |
| | : |
| Defendants. | : |

Case No. 14-01945(FLW)

**OPINION**

**WOLFSON, United States District Judge:**

Plaintiff Stuart Sussman ("Sussman," or "Plaintiff") moves to remand the instant matter to Superior Court of New Jersey.  Defendants Capital One, N.A. *et al*. ("Defendants" or "Capital One"), oppose Plaintiff's motion on the basis that the amount in controversy requirement for jurisdiction has been satisfied and the non-diverse parties Plaintiff added after removal— Defendants Edward Montesdeoca, Brian Young, Kirsten Micco, and Zelia Corey ("the four individual defendants")—should not be joined.  In that connection, Capital One argues that when the citizenship of the four individual defendants is disregarded, complete diversity exists and this Court may properly exercise subject matter jurisdiction over the Complaint.  For the reasons that follow, the Court finds that the amount in controversy requirement has been satisfied, Plaintiff's joinder of the four individual defendants is not permitted, diversity of citizenship continues to exist, and this Court retains jurisdiction over this case.

## I.   BACKGROUND

Plaintiffs' Amended Complaint sets forth the following facts and allegations. Stuart Sussman is a New Jersey citizen who was formerly employed by Capital One for fifteen years, the last seven of which were in Capital One's Freehold branch.  Am. Compl., ¶¶ 1, 9.  In April 2012, Sussman was diagnosed with a genetic skin disorder, for which he applied and received a medical leave. Am. Compl. at ¶¶ 13, 14. During his leave, he was also diagnosed as suffering from severe depression and anxiety.  *Id.* at ¶ 14. Approximately seven days prior to Sussman's scheduled return to work, Sussman was notified that his former position was no longer available and was given sixty days to post for another position. *Id.* at ¶ 16. Sussman applied for several other positions within Capital One, but his applications were denied. *Id.* at ¶¶ 18-24, 28-34. Capital One extended Sussman's employment until April 24, 2013, at which point it terminated Sussman's position for failure to secure another position with the bank. *Id.* at ¶¶ 26, 36.

Based on his termination, on February 21, 2014, Plaintiff brought the instant action in the Superior Court of New Jersey, Law Division, Monmouth County, alleging claims against Capital One under the New Jersey Law Against Discrimination (NJLAD) and a tort claim for intentional infliction of emotional distress.  Capital One timely removed the Complaint on March 27, 2014, on the basis that diversity exists between Plaintiff—which is a New Jersey resident—and Defendants—which are citizens of Delaware and Virginia.[1]  Def. Notice of Removal, ¶¶ 8-12. On March 31, 2014, Plaintiff amended his petition as a matter of right, adding the following New

---

[1]    According to Capital One's removal petition, (1) Defendant Capital One, N.A. is a Delaware corporation with its principal place of business in McLean, Virginia, and therefore is a citizen of Delaware and Virginia; (2) Defendant Capital One Bank is not a legal entity and is solely a trade-name used by Capital One, N.A. and therefore has no citizenship to consider for purposes of diversity; (3) Defendant Capital One Financial Corporation is a Delaware corporation with its principal place of business in McLean, Virginia, and therefore is a citizen of Delaware and Virginia; and (4) Defendant Capital One Services, LLC I/S/H as Capital One Services, Inc. is a limited liability company whose citizenship is determined by the citizenship of each of its members, and because Capital One Services LLC's sole member is Capital One, N.A., Capital One Services, LLC is therefore a citizen of Delaware and Virginia. Def. Notice of Removal at ¶¶ 8-12.

Jersey defendants: Edward Montesdeoca, Brian Young, Kirsten Micco, and Zelia Corey, all Capital One employees who allegedly "participated in, aided or abetted, incited and/or provided substantial assistance or encouragement to the unlawful actions alleged in the Complaint." Am. Compl. at ¶¶ 3-6; Mot. to Remand at 6.

Shortly thereafter, Plaintiff filed the instant motion for remand, arguing that (1) Capital One has failed to prove that Plaintiff seeks damages equal to or in excess of $75,000, the statutory minimum for diversity jurisdiction; and (2) the four individual defendants are properly joined, thus complete diversity is lacking among the parties. For these reasons, Plaintiff argues that this Court lacks subject matter jurisdiction over the action.

## II.    LEGAL STANDARD

It is well established that a defendant may remove a civil action filed in state court to federal court if the latter would have had original jurisdiction to hear the matter in the first instance.  28 U.S.C. § 1441(b); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  The removing defendant bears the burden of establishing jurisdiction and compliance with all pertinent procedural requirements.  *Id.*   Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking.  28 U.S.C. § 1447(c).  Removal statutes are to be strictly construed against removal, and all doubts are to be resolved in favor of remand.  *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).

When a claimant amends his complaint as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure to join non-diverse parties who would destroy diversity jurisdiction, some debate exists between district courts as to whether Section 1447(e)—which permits the court to deny joinder where a party seeks to add parties that would destroy diversity jurisdiction—still

applies. *See Bernheim v. Bedrick*, 2007 WL 2900377 at *1-*2 (D.N.J. Oct. 1, 2007); *see also Neuner v. Samost*, 2012 WL 5944143 (D.N.J. Nov. 26, 2012). Most courts and commentators appear to embrace the applicability of Section 1447(e) under such circumstances. *See Dillard v. Albertson's, Inc.,* 226 F.3d 642 (5th Cir. 2000) (unpublished) (Section 1447(e) applies even when amendment would normally be allowed without the court's leave); *Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir.1999) ("[A] district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court."); *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009) ("[E]very federal court that has considered the issue has found that the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A)."); *Wallace v. Dolgen Midwest, LLC*, 2014 WL 4338899 (N.D. Ohio Aug. 29, 2014) ("[A]lthough typically a plaintiff can amend once as a matter of course prior to the filing of a responsive pleading, where, as here, the addition of a party will destroy the other court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary."); *Rule 15(a) Amendments and Removed Actions*, 6 FED. PRAC. & PROC. CIV. § 1477 (3d ed.) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action").

Some courts, however, suggest that the fraudulent joinder analysis under Rule 20 of the Federal Rules of Civil Procedure applies to determine whether parties, who are added to a complaint that has been amended post-removal, are improperly joined. *See, e.g.*, *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 754 n. 2 (D.N.J. 2008) ("Had Plaintiff simply filed an amended pleading including claims against [Defendant], the appropriate analysis would be one of fraudulent joinder . . . ."); *see also Conover v. United Parcel Serv.*, 2006 WL 3534157 (D.N.J.

Dec. 7, 2006). Out of an abundance of caution, this Court will analyze Plaintiff's joinder under both Section 1447(e) and the fraudulent joinder doctrine.

## III.   DISCUSSION

### A.  *Diversity Jurisdiction at the Time of Removal*

First, this Court examines whether Capital One properly removed the case on the basis of Plaintiff's original complaint. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a).

Plaintiff argues that Capital One has not met its burden of proof establishing that the amount in controversy requirement has been met because the complaint "does not articulate a specified amount of damages." Mot. to Remand at 4.

In cases where a plaintiff has not specifically stated in his complaint the amount in damages he seeks to recover, the Third Circuit counsels to follow the framework articulated in *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004). *See Federico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007). *Samuel-Bassett* states that "when the relevant facts are not in dispute or findings have been made the District Courts adhere to the 'legal certainty' test." *Samuel-Bassett*, 357 F.3d at 398; *see also, e.g., Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) *abrogated by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (explaining that the "legal certainty" test is met and remand is necessary "[w]hen it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332"). However, when factual issues are in dispute, courts use the "preponderance of the evidence" standard to resolve those disputes before moving to the "legal certainty" test. *Samuel-Bassett*, 357 F.3d at 398.

Here, Plaintiff argues that his alleged damages are not capable of being ascertained and "it is equally plausible and possible that plaintiff's economic damages will be less than the jurisdictional amount [as] that they will be in excess of the jurisdictional amount." Reply Brief at 14. However, Plaintiff does not dispute that (1) Plaintiff alleges unlawful termination under the NJLAD and seeks front and back pay under those claims, s*ee* Am. Compl. at 14; (2) Plaintiff's salary before he was terminated was $71,104, *see* Millholland Certif. at ¶ 2; and (3) that Plaintiff was terminated from his position on April 24, 2013. *See* Am. Compl. at 35. This Court finds that the relevant facts are not in dispute, and, accordingly uses the "legal certainty" test to determine whether Plaintiff's damages meet the jurisdictional minimum for purposes of remand.

The relevant time period for calculating an award of back pay begins with the date of the alleged wrongful termination and ends at the time of trial. *Blum v. Witco Chemical Corp*, 829 F.2d 367, 373 (3d Cir. 1987). Similarly, when calculating the front pay award, the jury must consider the expected future damages caused by a defendant's wrongful conduct from the date of judgment to retirement. *Id.* at 375. Plaintiff was terminated almost eighteen months ago, and it follows from the applicable law that if plaintiff proves he was unlawfully terminated under the NJLAD, his damages will likely exceed the amount in controversy requirement. Plaintiff's argument fails because he has not proved with legal certainty that he cannot recover the jurisdictional minimum; he merely argues that it is equally likely as not that his damages could fall below the statutory threshold. Thus, diversity jurisdiction existed at the time Capital One removed the case to this Court and the complaint was properly removed.

### B.  Joinder of Four Additional Defendants

Next, this Court looks at whether Plaintiff's amended complaint was proper under both Section 1447(e) and the fraudulent joinder doctrine.

### 1.   *Section 1447(e)*

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. 1447(e). While the Third Circuit has never explicitly articulated a standard under Section 1447(e), it has implicitly endorsed the rule set forth by the Fifth Circuit in *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987). *See Hayden v. Westfield Ins. Co.*, 2014 WL 4637987 (3d Cir. Sept. 18, 2014) ("While we have not yet addressed the appropriate analytical approach to § 1447(e) (and need not do so here), the Fifth Circuit has instructed that when a district court is 'faced with an amended pleading naming a new nondiverse defendant in a removed case, it should scrutinize that amendment more closely than an ordinary amendment, and should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'") (quoting *Hensgens,* 833 F.2d at 1182); *see also City of Perth Amboy v. Safeco Ins. Co. of Am.,* 539 F.Supp.2d 742, 746 (D.N.J.2008).

Here, under the *Hensgens* standard, Plaintiff's joinder should not be permitted. First, the circumstances strongly hint that jurisdictional concerns at least partly motivated the amendment, notwithstanding Plaintiff's counsel certification claiming that "[t]he addition of the individual defendants in this matter as named parties was not made for the purpose of defeating federal jurisdiction," Schaer Certif. at 2. These circumstances include (1) Plaintiff's Case Information Statement that was filed with his State Court Complaint on February 10, 2014, in which Plaintiff indicated he did not anticipate adding any parties arising out the same transaction or occurrence despite being familiar with the individual defendants and their positions at Capital One, and (2)

the timing of Plaintiff's amendment, which occurred a mere four days after removal. "In cases in which it was apparent that the plaintiff knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but still chose not to include that party as a defendant, the courts have viewed any later attempt to add the non-diverse defendant as nothing more than an attempt to destroy diversity." *Salamone v. Carter's Retail, Inc.*, 2010 WL 762192 (D.N.J. Mar. 5, 2010); *see also Norplant Contraceptives Prod. Liab. Litig.,* 898 F.Supp. 429, 431 (E.D.Tex. 1995). Further, Plaintiff's inclusion of claims against the individual defendants in his Amended Complaint is utterly conclusory—beyond stating the defendants' positions at Capital One, no specific facts are alleged tying the defendants to discrimination under the NJLAD,[2] suggesting a hurried attempt to amend Plaintiff's complaint as a matter of right before Capital One served its answer. *See* Am. Compl. Therefore, the first factor under *Hensgens* strongly points against joinder.

Second, it is undisputed that Plaintiff has not been dilatory in amending his Complaint—he did so four days after removal and before any discovery took place, and Capital One concedes that the amendment was timely. *See* Am. Compl. Thus, the second *Hensgens* factor weighs in favor of joinder.

Third, Plaintiff would not be unduly prejudiced in denying joinder, because Plaintiff is free to sue the four individual defendants separately, in state court. While parallel state and federal proceedings expend more judicial resources, the four individual defendants are not jointly and severally liable with Capital One and the two year statute of limitations for filing a separate NJLAD action against the individual defendants has not yet run. *Montells v. Haynes*, 133 N.J. 282 (1993); *see also, e.g.*, *Hayden*, 2014 WL 4637987 (3d Cir. Sept. 18, 2014) (Plaintiff "could have easily

---

[2] Further discussion of the cursory nature of Plaintiff's allegations against the four individual defendants is discussed under the fraudulent joinder analysis. *See infra* at 10-12.

and timely filed suit against [the additional defendant] in state court."). As the third *Hensgens* factor also weighs against joinder, this Court concludes that were it to apply Section 1447(e) to Plaintiff's amendment, joinder of the four individual defendants would be inappropriate.

### 2. Fraudulent Joinder

The fraudulent joinder doctrine "represents an exception to the requirement that removal be predicated solely upon complete diversity." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment . . . . If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 326.

In evaluating whether joinder was fraudulent, the district court must assume as true all factual allegations of the complaint, at the time the complaint was filed. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992). The court "also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* at 852. And, although a court may properly pierce the pleadings in certain circumstances, it "must not step from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d at 219.

I now turn to Capital One's fraudulent joinder argument and look first at the allegations in Plaintiff's Amended Complaint. [3] Plaintiff alleges that Defendants' (1) termination of Plaintiff's

---

[3]    Capital One first argues that "[f]raudulent joinder is tested on the causes of action contained in the state court complaint prior to its removal" and cites to a Fifth Circuit argument for support. *See Cavallini v. State Farm Mut. Auto Ins. Sco.*, 44 F.3d 356, 264 (5th Cir. 1995) ("[A] complaint amended post-removal cannot divest a federal court of jurisdiction."). Of course, this case does not control our analysis. In any event, in *Cavallini*, at issue was not the addition of a non-diverse defendant, but rather the addition of factual allegations against a non-diverse party who was already a defendant at the time of removal. Construing *Cavallini* to mean that the court cannot consider the post-removal joinder of parties that would defeat subject matter jurisdiction flies in the face of explicit federal statutes stating the contrary. 28 U.S.C. 1447(e); *see also* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, subsequent Fifth Circuit

position, (2) failure to hire him for other available positions, and (3) failure to make reasonable accommodations or engage in the interactive process to make accommodations, amounted to disability discrimination under the NJLAD. Am. Compl., Count One, Count Two, Count Three, Count Four. Plaintiff further alleges that Capital One discriminated against him based on his age in violation of the NJLAD. *Id.*, Count Five. Finally, Plaintiff alleges that Capital One's conduct amounted to the intentional infliction of emotional distress. *Id.*, Count Six. Plaintiff includes a separate count of individual liability under the NJLAD against the four additional defendants, three of whom were District Managers and one of whom was a Local Distribution Executive at Capital One—because they "aided, abetted, incited, and/or actively participated" in the events described in the Amended Complaint. *Id.*, Count Seven.

For the reasons that follow, I find that Plaintiff's joinder of the four additional defendants is fraudulent. First, three of the four individual defendants—Montesdeoca, Micco, and Corey—were not Sussman's supervisors; rather, they were allegedly involved in reviewing Sussman's job applications and interviewing him for intra-company positions. Am. Compl. at ¶ 15. The Third Circuit has predicted, and the New Jersey Superior Court's Appellate Division has held, that aiding and abetting liability under the NJLAD is limited to supervisors, mirroring the liability standards under Title VII of the Civil Rights Act. *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1998); *see also Herman v. Coastal Corp.*, 348 N.J. Super. 1, 27-28 (App. Div. 2002), *certif. denied*, 174 N.J. 363 (2002). Therefore, Plaintiff's individual claims against Motesdoeca, Micco,

---

decisions have actually posited that the fraudulent joinder analysis does not apply to the post-removal joinder of new parties because if a court permits a party to amend its complaint to join non-diverse parties under Rules 15 or 16 of the Federal Rules of Civil Procedure, the non-moving party has already had a chance to contest the joinder; once the court permits amendment, it loses jurisdiction over the lawsuit and the case must be remanded. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir.1999).

and Corey are barred under the NJLAD and, therefore, the inclusion of these three defendants constitutes fraudulent joinder.

Second, Plaintiff's claim against his supervisor, Young, is also not colorable. The NJLAD forbids individuals from engaging in actions that "aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J. Stat. Ann. § 10:5-12 (West). "In order to hold an employee individually liable as an aider or abettor, a plaintiff must show that (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation." *Cicchetti v. Morris County Sheriff's Office,* 194 N.J. 563, 594 (2008); *see also Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004).

In his Amended Complaint, Plaintiff merely states that Young was informed about Plaintiff's medical condition and of Plaintiff's desire to return to work following the conclusion of his medical leave. Am. Compl. at ¶¶ 15, 21. Giving Plaintiff's allegations all credence, this Court does not find Plaintiff's statements to even potentially create aiding and abetting liability. Plaintiff does not even attempt to connect Young's knowledge of Plaintiff's medical condition and desire to continue working to his discrimination claims; his allegations certainly do not include statements that Young performed wrongful acts that created injury, was aware of his roles in facilitating illegal activity, or knowingly or substantially assisted in the principal violation.

Plaintiff cites to two cases decided elsewhere in the district to defend the sparseness of his allegations and to argue that his Amended Complaint does not fail the fraudulent joinder test: (1) *Mersmann v. Continental Airlines*, 335 F.Supp.2d 544, 445 (D.N.J 2004) and (2) *Freichs v. Lifestar Response Corp*, 2009 WL 3754190 at *2 (D.N.J 2009). However, both cases are

11

distinguishable. In *Mersmann*, plaintiff alleged that one of the non-diverse defendants investigated the accusations against plaintiff "and ultimately terminated her," which are specific facts pointing to aiding and abetting liability. F.Supp.2d at 445. Likewise, in *Freichs*, plaintiff alleged that the non-diverse defendant was her direct supervisor and assisted in carrying out her termination, which was the basis of her NJLAD claim.  2009 WL 275190 at *2. Here, however, Plaintiff makes no such connection in his Amended Complaint between Young's actions and his complained-of NJLAD violation (failure to hire)—indeed he fails to even mention a single action Young may have taken to create liability under the NJLAD and instead, merely mentions Young's knowledge of his situation. *See* Am. Compl. Under the fraudulent joinder analysis, there are simply no allegations to substantiate a claim against Young such that joinder of the defendant would be appropriate. Therefore, under the fraudulent joinder doctrine, this Court finds that Plaintiff improperly joined all four individual defendants.

Accordingly, because Plaintiff's joinder of Montesdeoca, Young, Micco, and Corey is inappropriate under Section 1447(e) and the fraudulent joinder doctrine, this Court denies the joinder and retains jurisdiction over the case.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand is denied.

An appropriate order will follow.


Date: October 24, 2014                                    /s/ Freda L. Wolfson
                                                          Freda L. Wolfson, U.S.D.J.